JUSTIN MCCARTHY, Respondent, v. A. W. FAGIN, Appellant.

St. Louis Court of Appeals, October 30, 1888.

*Motion for rehearing overruled December 16, 1890.\**

1. **Landlord and Tenant:** OBLIGATIONS OF LANDLORD. If a landlord lets several rooms of a building, and remains in the exclusive possession of other parts which are essential to the enjoyment of the rooms let, he owes to the tenant, in the absence of an express contract, the same duties with respect to such other parts as to a stranger. His liability is not that of an insurer, but arises only from negligence or deceit, and, therefore, does not extend to injury resulting from the acts of a trespasser, which he has, with reasonable diligence, endeavored to prevent. *Held,* accordingly, that the landlord is not liable for damage caused by the caving of a wall of the building, resulting from an excavation, made by a stranger on adjoining premises, in violation of an *injunction* procured by the landlord.

2. ———— : CONSTRUCTION OF LEASE. In the case of the letting of rooms in a building, a covenant by the lessee to make all repairs, deemed necessary by him, has reference only to repairs of the premises let, and *not to other parts of the building.*

3. **Practice, Trial:** INSUFFICIENCY OF CONJECTURAL EVIDENCE. An hypothesis, which is not supported by any substantial evidence, direct or inferential, but rests on mere conjecture, should not be submitted to the jury.

———————————
*This motion for a rehearing was kept under submission until this date to await the determination of the case of *Ward v. Fagin,* 101 Mo. 669, by the Supreme Court.

McCarthy v. Fagin.

*Appeal from the St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED.

*Noble & Orrick* and *Geo. R. Lockwood,* for appellant.

*T. J. Rowe,* for respondent.

ROMBAUER, P. J.—The plaintiff tenant recovered in the trial court a judgment for six hundred and fifty-one dollars against the defendant landlord, for damages caused to him by the falling of a wall, which was part of the premises let. No question is made on this appeal as to the extent of the recovery, but the landlord, appealing, contends that, on the facts conceded by the record, any recovery was unwarranted, as a proposition of law, regardless of other errors intervening in the trial of the cause. As this contention, if well founded, disposes of the entire controversy, we shall proceed to examine it in the first instance.

The facts upon which the defendant's liability is claimed are thus stated in the petition :

That on April 30, 1886, the defendant leased to the plaintiff for the term of twenty months from May 1, 1886, two rooms, numbered 1 and 2, on the second floor of a building, numbered 812 Olive street, in the city of St. Louis, Missouri ; that on May 1, 1886, the plaintiff took possession and occupied the premises until the accident mentioned in the petition, as tenant ; that the defendant was the owner of the building at the times thereinafter mentioned, and had the possession and control of the same ; that on April 30, 1886, and for a long time prior thereto, the foundation of the west wall of the building was in a weak, unsubstantial, unsafe, insecure and dangerous condition ; that on April 30, 1886, and for a long time prior thereto, the foundation of said west wall of the building was unsafe and insecure, and *defendant*

McCarthy v. Fagin.

*knew said fact, and that plaintiff did not know that said foundation of said west wall of said building was in an insecure and unsafe condition;* that at the time defendant leased to plaintiff said rooms defendant *failed to notify* and advise plaintiff of the insecurity of said wall, although he well knew that same was in an unsafe and insecure condition, and plaintiff did not know the same was unsafe and insecure ; that plaintiff did not have access to, or the possession and control of, said west wall of said building, or the control of the foundation of said building or the premises appurtenant to the same ; that the defendant for a long time prior to April 30, 1886, *knew that the foundation of the west wall of said building, 812 Olive street, was in a weak and dangerous condition, and that the same was so unsafely and insecurely built and constructed that it was apt to fall down ; and the plaintiff, at the time he leased said premises, did not know that the same was unsafe and insecure, and that the defendant, before the happening of the accident, hereinafter mentioned, and after he knew of the insecure and dangerous condition of said wall, had ample time during which to make said wall safe and secure, and to prop up and properly guard and brace the same ;* that it was the duty of defendant, within a reasonable time after he had notice that said wall was unsafe and insecure and dangerous to properly prop up, shore up and brace up said wall, but that the defendant carelessly and negligently failed, refused and neglected to prop up and protect said wall, and to make the same strong and safe and secure within a reasonable time after he had notice of the same being unsafe, insecure and dangerous and liable to fall down ; that on or about June 11, 1886, by reason of the carelessness and negligence of the defendant in failing, refusing and neglecting to prop up and guard said wall within a reasonable time after he had notice of its weak, dangerous and insecure condition, said west wall of said

building, 812 Olive street, fell down ; that a small part of said west wall was the west wall of one of the rooms leased to plaintiff.

The answer denied the allegations of the petition, and averred that the damage complained of, if any, was caused by the negligence of the plaintiff.

The defendant, it seems, had demurred to this petition, and, upon the trial, again objected to the introduction of evidence, on the ground that it failed to state any cause of action, and the objection is now renewed.

The defendant's argument on that head is, that it is the gist of plaintiff's complaint that the wall was defective at the date of the letting, and so insecurely constructed as to be dangerous, and that, as the petition neither avers that the defect was a secret defect, nor that the defendant concealed it from the plaintiff, nor that there was any duty on the part of defendant to disclose it, the petition fails to state a cause of action.

If the view taken by a majority of this court in *Ward v. Fagin*, 28 Mo. App. 116, be the correct one, which, for the purposes of this case, we are bound to assume, then the petition does state a good cause of action. We there held that, while a renting does not imply that the premises are fit for occupancy, and while the landlord is under no implied obligation to the tenant to repair the premises, yet the tenant, who is restricted by the terms of his letting to one part of the premises, and who has no possession, control or right of interference with other parts, which are in the exclusive possession of the landlord, occupies no worse position than a stranger.

Here the petition does charge that the defendant was the owner of the building at the times thereinafter mentioned, and had the possession and control of the same, and it will not be questioned that, if he negligently and knowingly permitted the building to remain in an insecure condition, whereby it fell, injuring the

McCarthy v. Fagin.

property of a stranger, such stranger would have been entitled to full redress.

The lease given by the defendant to the plaintiff, and introduced in evidence by the latter, provided among other things: "All repairs deemed necessary by the lessee to be made at the expense of said lessee, with the consent of the said lessor and not otherwise." This covenant on part of the plaintiff can, in the nature of things, have reference only to such part of the premises as are covered by the lease and in the lessee's possession. A covenant to repair walls immediately bordering the space occupied by the lessee, and forming part thereof, cannot be extended by any reasonable implication to include a duty on part of the lessee to repair the foundation walls of a building, which are in possession of his landlord, even though such walls serve as supports to the walls in possession of the lessee.

Upon the trial of the case the following facts were shown: The defendant was lessee of a building fronting on the south side of Olive street and on the east side of an alley, seven and a half feet wide, and had sublet two rooms in the second story of the building, and on its western side, to the plaintiff; the tenement on the ground floor immediately below the premises occupied by plaintiff being sublet to one Gregory.

The Odd Fellows Hall Company owned the ground on the west side of this alley, and were proceeding in March, 1886, to excavate their ground to a considerable depth for the purpose of building the foundation of an extensive structure thereon. Before doing so, they served a notice upon the defendant, advising him of the proposed excavation, and requesting him to take such action as he deemed necessary to protect his building and premises from possible injury by reason of such excavation. The defendant thereupon filed his petition in the circuit court, stating, among other things, that he was the owner of this alley, seven and a half feet

wide ; that the Odd Fellows Hall Company had already excavated to the western boundary thereof, and that he was apprehensive, owing to the vagueness of the notice given, that it claimed the right to excavate this alley. The petition concludes that the Odd Fellows Hall Company would, unless restrained, dig and excavate the earth out of the alley up to the *east* line of the alley, and build great foundations of stone therein, extending across the alley, and erect therein a tower and wall occupying the alley, and that, *in so doing*, the defendant, that is the Hall Company, would cause to fall the walls of the building leased and held by plaintiff, unless plaintiff incurred great labor and expense in preventing the injuries the defendant intended to inflict upon plaintiff, that is, Fagin ; and that defendant would, by *occupying the alley* with the foundations, so occupy the same as would destroy all right of the plaintiff therein for any purpose whatever, and that *thereby* the tenants of plaintiff would be put to immediate and great danger of damage, both of person and property ; the buildings of plaintiff would be destroyed, and opportunities of improvement of the leasehold would be permanently impaired and injured, and that the monthly and yearly rental value of said premises would be greatly decreased for the whole period of the leasehold, which he had, and which would run until 1981. And plaintiff said he would have no adequate remedy in damages against the defendant, and his damages would be irreparable.

It does not appear by any record evidence what action the circuit court took on this petition of the defendant. It does appear, however, by the testimony of the contractor who made the excavations for the Odd Fellows Hall Company, and who was one of plaintiff's witnesses, that he was enjoined from interfering with the alley in the commencement of his operations, and that, notwithstanding this fact, he extended his excavations into the alley until the eastern line of his excavations was about four feet, eleven inches, westwardly of

the defendant's western wall, before the wall actually fell.

The wall, which fell, was not erected by the defendant but by other parties. There was no evidence in the case that the defendant knew of the insecurity of that wall when he let the premises to the plaintiff, even conceding that there was substantial evidence that said wall was insecure at that time, on which we deem it unnecessary to express an opinion.

The conclusion, that the wall would have fallen, even if the Odd Fellows Hall Company had confined its excavation to the western boundary of the alley, and not extended it, as plaintiff's own evidence shows, two feet and seven inches into the alley, rests upon the merest conjecture and surmise, and is not shown by even inferential evidence. We have decided repeatedly that juries must base their findings on substantial legal evidence, direct or inferential, and cannot base it on mere conjecture.

These being the undisputed facts of the case, the court, at the close of the case, instructed the jury as follows:

"1. The court instructs the jury that there is no evidence, adduced in this action, to prove that, at the time of the leasing of the rooms mentioned in the petition by defendant to the plaintiff, the defendant knew the west wall of the building mentioned in the petition was unsafe or insecure, and the jury cannot find from the evidence that plaintiff was deceived by defendant into leasing or occupying said rooms, even if the jury should believe from the evidence that said west wall was at the time unsafe and insecure.

"2. The court instructs the jury that, if the jury believes from the evidence that, at and after the leasing of the rooms by defendant to plaintiff under the lease read in evidence, and after the plaintiff took possession of the leased premises, there was an alley west of the

west wall mentioned in the petition, and that, without the authority or consent of defendant, third persons made an excavation into said alley, and that the wall before said excavation into said alley was secure and not apt to fall from its own inherent defects, and that, by reason of said excavation by third persons, without defendant's consent, into said alley, said wall was caused to fall, then the plaintiff cannot recover in this action, and the jury will find for the defendant."

These instructions correctly declared the law, and, as the plaintiff had given no evidence which took the case beyond their scope, we are at a loss to see why the court refused to instruct the jury, as the defendant requested, that, under the pleadings and evidence, the plaintiff was not entitled to recover in this action, and the jury should find for the defendant.

It results from the foregoing that the defendant's contention is correct, and that, on the facts conceded by the record, any recovery was unwarranted, as a proposition of law, regardless of other errors intervening in the trial of the cause.

The accident is the same complained of in the case of *Ward v. Fagin, supra,* in which a recovery by another tenant was upheld upon a record substantially different in many particulars. The different disposition made of the two cases results from the fact that courts must determine controversies not upon facts actually existing, but upon facts as disclosed by the record before them. The sole question for our decision in *Ward v. Fagin,* as appears by the opinion of the court, was whether the duty of a landlord to his tenant in the use of premises, which are under the exclusive control of the landlord, and form no part of the premises let, but are essential to the enjoyment of such premises, was different from his duty to a stranger. We held that it was not, and that the views entertained by the courts of Massachusetts and Maine on that subject were more in harmony with the dictates of justice, than the views

taken by the courts of other states. We conceded that there was an irreconcilable conflict of decisions on that subject in other states ; but, in the absence of any controlling decision in our own state, we deemed it our duty, while affirming the judgment of the trial court, to certify the case to the supreme court for its final decision. Under the constitutional provisions applicatory to our judicial system, that is the only court that can establish a uniform rule on any question of law throughout the state ; and that it is desirable that a uniform rule should be established on a question of such vital importance to. a great portion of our population, is self-evident.

The landlord, in the absence of an express contract obligation, is liable to third persons only on substantial evidence of negligence or deceit. He is not an insurer of the safety of his property to the lessee or a third person. When it affirmatively appears, as in this case, that the accident was due to the acts of a trespasser, to guard against which the landlord used reasonable diligence, the case is devoid of any element of negligence, on which the landlord's liability can be submitted to a jury. That it is devoid of all elements of deceit is conceded.

It results that the judgment must be reversed. So ordered. All the judges concur.